UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELINE R. ROMINE,<br><br>      Plaintiff,<br><br>    v.<br><br>PFIZER INC., *et al.*,<br><br>      Defendants. | Case No. 1:24-cv-01446-KES-CDB<br><br>ORDER ON STIPULATION STAYING ACTION PENDING RULING ON PETITION FOR MULTIDISTRICT LITIGATION<br><br>(Doc. 14)<br><br>ORDER VACATING FEBRUARY 24, 2025 SCHEDULING CONFERENCE<br><br>(Doc. 2) |

**<u>Background</u>**

Plaintiff Jacqueline R. Romine ("Plaintiff") initiated this action with the filing of a complaint on November 25, 2024, alleging claims for damages against Defendants Pfizer, Inc., Pharacia & Upjohn Co. LLC, Pharmacia LLC, and Viatris Inc. ("Defendants") arising from Defendants' wrongful conduct in connection with the development, design, testing, manufacturing, labeling, packaging, promoting, advertising, marketing, distribution, and selling of medroxyprogesterone acetate ("MPA"), also known as depot medroxyprogesterone acetate ("DMPA"), and as a prescription drug under the trade name Depo-Provera® ("Depo-Provera"). (Doc. 1 ¶ 1). Defendants' respective responses to the complaint are due to be filed by late-December 2024 or early-January 2025. (Docs. 9-13).

1

**Stipulated Request to Stay**

Pending before the Court is the parties' stipulated request for order staying the action pending a determination of a petition before the Judicial Panel on Multidistrict Litigation ("JPML"). (Doc. 14).  The parties represent that they are aware of at least 33 other actions pending in United States District Courts in which the plaintiff is alleging personal injuries relating to the use of Depo-Provera ("Depo-Provera cases"). (*Id.* at 3).  The parties represent that on November 26, 2024, the plaintiffs in several of the Depo-Provera cases petitioned the JPML to centralize this and other Depo-Provera cases into a Multidistrict Litigation ("MDL") (the "Petition"). (*Id.*).  The parties represent that the Petition is set for a hearing before the JPML on January 30, 2025, and is expected to be decided upon in early February 2025. (*Id.*).

In light of the Petition, the parties have agreed to stay this action through at least February 15, 2025, pending the JPML's determination of the Petition. (*Id.*).  The parties request that the Court stay all pending deadlines and activities in this case. (*Id.*).  The parties agree that if the JPML has not ruled on the Petition by February 15, 2025, the parties shall file a joint status update with the Court regarding the status of the Petition and whether an extension of the stay is needed. (*Id.* at 4).  The parties agree that if the JPML has denied the Petition to centralize the instant action and other actions, Defendants shall have through and until 21 days after the JPML rules on the anticipated Petition to respond to the complaint. (*Id.*).  Thus, the parties jointly request that this action be stayed until the JPML rules on the pending Petition or until February 15, 2025, whichever is sooner. (*Id.*).

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Lockyer v. Mirant Corp*, 398 F.3d 1098, 1109 (9th Cir. 2005).  Deciding whether to grant a stay pending the outcome of other proceedings "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *United States v. Howen*, No. 1:21-cv-00106-DAD-SAB, 2022 WL 1004832, at *3 (E.D. Cal. Apr. 4, 2022) (quoting *Landis*, 299 U.S. at 254).  "[I]f there is even a fair possibility that the . . . stay will work damage to someone else, the party

2

1   seeking the stay must make out a clear case of hardship or inequity." *Lockyer*, 398 F.3d at 1112;
2   *United States v. Aerojet Rocketdyne Holdings, Inc.*, 381 F. Supp. 3d 1240, 1250 (E.D. Cal. May
3   8, 2019).

4       In considering whether to grant a stay, this Court must weigh several factors, including
5   "[1] the possible damage which may result from the granting of a stay, [2] the hardship or
6   inequity which a party may suffer in being required to go forward, and [3] the orderly course of
7   justice measured in terms of the simplifying or complicating of issues, proof, and questions of
8   law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th
9   Cir. 1962) (citing *Landis*, 299 U.S. at 254–55). In granting and lifting stays, a court must weigh
10  "the length of the stay against the strength of the justification given for it." *Yong v. I.N.S.*, 208
11  F.3d 1116, 1119 (9th Cir. 2000). "If a stay is especially long or its term is indefinite, [courts]
12  require a greater showing to justify it." *Id*. A stay may be warranted in deference to ongoing,
13  parallel proceedings "regardless of whether the separate proceedings are 'judicial, administrative,
14  or arbitral in character, and does not require that the issues in such proceedings are necessarily
15  controlling of the action before the court.'" *Scottsdale Indemnity Co. v. Yamada*, No. 1:18-cv-
16  00801-DAD-EPG, 2019 WL 7601833, at *3 (E.D. Cal. Jan. 10, 2019) (quoting *Leyva v. Certified*
17  *Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979)).

18      Here, the interests of judicial economy and efficiency are served by staying this case until
19  the Petition pending before the JPML has been decided. Proceeding with the scheduling and
20  litigating of this action risks wasting judicial resources, as the Court will have to familiarize itself
21  with a case that may soon be centralized into a multidistrict litigation.

22      The Court does not find that the short stay anticipated will cause any hardship. The
23  parties stipulated to the request to stay and the case will not be delayed significantly given the
24  early stage of the litigation. The orderly course of justice weighs toward the grant of the
25  requested stay in order to avoid complicating of the issues or duplicative litigation should the
26  Petition be granted and the Depo-Provera cases, including the instant action, be centralized into a
27  Multidistrict Litigation. Furthermore, district courts within the Ninth Circuit routinely find good
28  cause to stay a case during the pendency of a petition before the JPML. *See, e.g., Sprint*

*Commc'ns Co. L.P. v. Pac. Bell Tel. Co.*, No. 2:14-cv-01257-MCE-CK, 2014 WL 7239474, at *2 (E.D. Cal. Dec. 16, 2014) ("The interests of judicial economy and efficiency are served by staying this case until the motion before the MDL Panel has been decided."); *see also A.H.M. v. Uber Techs., Inc.*, No. 23-cv-03482-JSC, 2023 WL 6199179 (N.D. Cal. Sept. 22, 2023); *Hulsh v. Bayer Healthcare Pharms. Inc.*, No. 15-cv-04801-JST, 2016 WL 7168398 (N.D. Cal. Jan. 11, 2016). Therefore, because the *Landis* factors weigh toward granting of the stay, the Court finds that a stay of all proceedings is appropriate in this case.

For good cause shown in the parties' stipulation, and the pending decision on the Petition before the JPML for which the parties agree Plaintiff would be subject to centralization into a Multidistrict Litigation, this action will be stayed pending the JPML's determination of the Petition.

**Conclusion and Order**

Accordingly, in light of the parties' representations and good cause appearing, IT IS HEREBY ORDERED:

1. This action is STAYED pending a ruling from the JPML on the Petition that is set for hearing on January 30, 2025, with an expected decision in early February 2025;

2. The parties are DIRECTED to file a joint status report informing the Court of the status of the Petition pending before the JPML by **February 15, 2025,** and **every (14) days** thereafter should the Petition remain undecided;

3. Defendants SHALL FILE a response to the complaint **within 21 days** following a denial of the Petition; and

4. All pending court dates, including the Initial Scheduling Conference set for February 24, 2025, are VACATED, to be reset as necessary following the JPML's determination of the Petition.

IT IS SO ORDERED.

Dated:   **December 20, 2024**                              _____
                                                            UNITED STATES MAGISTRATE JUDGE